1

2

3

4

5

6

7                                                    U.S. Magistrate Judge J. Kelley Arnold

8

9                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
10                                 AT TACOMA

11   BRANDON STURDEVANT,                    )   No. C05-5511JKA
                                            )
12                          Plaintiff,      )
                                            )   STIPULATED PROTECTIVE ORDER
13          vs.                             )   FOR DISCLOSURE OF CONFIDENTIAL
                                            )   INFORMATION
14   YAMAHA MOTOR COMPANY, LTD              )
     (Yamaha Hatsudoki, K.K.), a Japanese   )
15   corporation; YAMAHA CORPORATION        )
     OF AMERICA, California corporation; and )
16   YAMAHA MOTOR CORPORATION,              )
     U.S.A., a California corporation,       )
17                                          )
                            Defendants.     )
18   _____ )

19

20          This matter came before the court upon the stipulation of the parties, by and through their

21   respective attorneys, for the entry of an order governing the disclosure and handling of certain

22   documents and information deemed confidential by defendants.

23          The court, being duly advised, now ORDERS that:

24          1.      Defendants may designate certain items of discovery or other information

25   produced or disclosed to plaintiff as "Produced Pursuant To Protective Court Order," so long as

26   any such designation by defendants is made in good faith and only with respect to items which

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113

1    are trade secrets or other confidential research, development or commercial information, as

2    provided in Fed. R. Civ. P. 26(c).  Unless challenged and otherwise ordered as provided in

3    paragraph 3, such designation shall make such items, and the content or substance thereof, and

4    all copies, prints, summaries, or other reproductions of such information confidential and subject

5    to this Order.

6            2.        With respect to deposition testimony, the designation of confidentiality may be

7    made on the record, at the time of the deposition, at which time the testimony shall be subject to

8    full protection of this Order.  In the case of testimony not so designated during the course of

9    deposition, counsel may, within ten (10) days of receipt of the deposition transcript, notify the

10   parties of the pages of deposition testimony which contain confidential material, in which case

11   the designated pages of testimony shall be subject to this Order.

12          3.        If plaintiff wants to challenge the designation of confidentiality of any document

13   or information or testimony, plaintiff's counsel shall notify defendants' counsel of the challenge,

14   in writing, within 45 days before trial, except as to documents or information produced within 45

15   days of trial.  A challenge to the confidentiality will not thereafter be permitted unless good

16   cause is shown.  If a challenge is made, the parties shall make reasonable and good faith efforts

17   to resolve the disagreement without intervention by the court.  If the parties continue to dispute

18   the confidentiality designation, plaintiff may file his objection with the court.  Defendants shall

19   have the burden to prove that the challenged document, information, or testimony is entitled to

20   protection under Fed. R. Civ. P. 26(c).

21          4.        Confidential information and documents subject to this Order may be disclosed

22   only to (a) the parties named in this action; (b) plaintiff's counsel of record in this litigation, but

23   including members of counsel's legal or support staff (e.g. in-house investigators, secretaries,

24   legal assistants, paralegals, associates, and law clerks), to the extent reasonably necessary for

25   such persons to render assistance in this litigation; (c) experts or consultants specially retained by

26   the parties for assistance in trial preparation or for testimony; (d) the court and court personnel

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113

1    for any purpose the court finds necessary; (e) jurors and court personnel if admitted during trial

2    of this case; and, (f) "other attorneys" if authorized in accordance with paragraph 8 below.

3         5.      Disclosures shall be made to such persons identified in paragraph 4 only as

4    necessary and for the sole purpose of prosecuting the above-captioned matter, or in the case of

5    other attorneys described in paragraph 8, the litigation which the other attorney is prosecuting.

6    The above-named persons shall not otherwise disseminate the information and documents

7    subject to this Order or disseminate the substance or content of such information or documents to

8    others not authorized to receive such information.

9         6.      Before showing or divulging the contents or substance of confidential information

10   or documents to experts or consultants, plaintiff's counsel shall first provide the proposed

11   recipient a copy of this Order, and shall obtain from each recipient a signed "Non-Disclosure

12   Agreement" in the form attached as "Exhibit A." Plaintiff's counsel shall maintain the original

13   signed agreements and an accurate list of all experts, consultants or persons to whom the

14   information or documents, or copies thereof, were revealed. The list need not be revealed to

15   defendants during the pendency of this litigation unless defendants show good cause to believe

16   that the expert or consultant has not signed the Non-Disclosure Agreement or that confidential

17   documents and information produced in this case have been disseminated or used contrary to the

18   terms of this Order.

19        7.      Counsel for plaintiff is authorized to make copies of the information and

20   documents subject to this Order, which may be leant to plaintiff's experts or consultants so long

21   as plaintiff's counsel has <u>first</u> obtained the written agreement of such expert or consultant to be

22   bound by the terms of this Order. Other persons and entities, including without limitation, the

23   parties' experts and consultants, shall <u>not</u> make copies.

24        8.      This Order does not restrict or prevent plaintiff's counsel from discussing

25   confidential information and documents with other attorneys who have or had similar litigation

26   against defendants involving Yamaha motorcycles with the same throttle design, <u>provided</u>:  (1)

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 3

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113

1    such other attorney already properly and separately received such confidential information or

2    document in connection with his or her other litigation; or, (2) such other attorney is given access

3    to duplicate copies of the confidential documents produced in this action subject to the following

4    restrictions and procedures:

5        (a)  Another similarly situated plaintiff attorney who desires duplicate copies of

6        confidential documents produced in this action may file a request for such documents

7        with this court, and serve a copy of the request on all counsel of record in this action.

8        (b)  Defendants shall have 21 days to file with the court a written objection to the

9        document request.  The other attorney must demonstrate the relevance of the requested

10       documents to the collateral proceeding.  Disputes over the discoverability of specific

11       materials, including limitations or timeliness issues imposed in the collateral litigation

12       must be resolved by the collateral court.

13       (c)  If defendants do not object to the document requests, or if this court overrules

14       defendants' objections, a duplicate set of the documents requested will be produced by

15       defendants to the requesting attorney, unless there is a contrary order from the collateral

16       court which prevents or restricts the other attorney's access to the documents.

17       (d)  If access is allowed, the other attorney, before receipt, must sign and provide a

18       "Non-Disclosure Agreement" to defendants in the form attached as Exhibit A.  In

19       addition, the requesting attorney shall pay the copy costs.

20       (e)  Documents produced by defendants pursuant to this sharing provision shall be

21       subject to all terms of this Order.  Documents produced by defendants may not be used

22       for any purpose other than the prosecution of the lawsuit which the other attorney is

23       prosecuting.

24       (f)  All confidential documents and information shall be returned to defendants

25       through its counsel of record in this action at the conclusion of the other attorney's

26       litigation.

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 4

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

1        (g) Under no circumstances may persons having access to confidential

2        information or documents under the terms of this Order provide copies of such

3        documents and information to any person not specifically and individually authorized

4        under the terms of this Order to receive such information.  This restriction shall apply

5        without limitation to the American Trial Lawyers Association or related state association,

6        the Attorney Information Exchange Group, or any other group or organization

7        maintaining data banks of documents.

8        (h) This court retains jurisdiction with respect to any confidential documents or

9        information which are produced to other attorneys pursuant to this Order.

10        9.     All persons allowed access to confidential documents and information shall act to

11   preserve the confidentiality of designated information.  If such information is filed with this or

12   any other court, it shall be filed under seal and with notation of the application of this Order.

13        10.    The information and documents subject to this Order shall not be made available,

14   for any purpose, to current employees or agents of any motorcycle manufacturers or distributors

15   or component part manufacturers or distributors and/or replacement part manufacturers or

16   distributors.  If plaintiff needs to provide information and documents subject to this Order to

17   such persons or entities, plaintiff must first seek and obtain modification of this Order.  The

18   parties and court understand that defendants would strenuously object to such disclosure.

19        11.    The provisions of this Order relating to confidentiality of documents and

20   information shall remain in full force and effect and continue to be binding even after this

21   litigation is terminated.  At the conclusion of this litigation, the confidential information and

22   documents subject to this Order, together with all copies thereof, shall be returned to defendants'

23   counsel at the offices of Martin Bischoff Templeton Langslet & Hoffman LLP, 888 SW 5th

24   Avenue, Suite 900, Portland, Oregon 97204, or any subsequent address designated by

25   defendants.  If other attorneys have been provided access to confidential information and

26

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 5

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

1  documents, those documents and information shall be returned no later than at the conclusion of

2  that other attorney's litigation.

3        12.     If any party wishes to modify this Order, the party shall first confer with the other

4  parties and, if no satisfactory agreement is reached, may petition the court for modification.

5  Until modification is granted by agreement or order, the terms of this Order will govern.

6        13.     This Order does not address disclosure or use of confidential documents or

7  information at the time of trial through receipt into evidence or through the testimony of

8  witnesses.  The procedure and use of confidential materials or information at trial shall be made

9  by agreement or by pretrial order governing use and protection of the record.  This Order does

10  not prejudice the parties' rights or arguments regarding whether admission of documents or

11  information at trial effects confidentiality.

12        14.     The violation by any person of any provision of this Order may be punishable as

13  contempt of court.  Further, defendants may pursue any and all civil remedies available for

14  violation of the terms of this Order.

15        DATED:  January 20, 2006.

16

17                                  */s/ J. Kelley Arnold*
                                J. Kelley Arnold

18                                  U.S. Magistrate Judge

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 6

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113

1    **SO STIPULATED AND APPROVED:**

2    GAYLORD EYERMAN BRADLEY, P.C.

3
     By:_____
4         Linda K. Eyerman, WSBA #32193
          William A. Gaylord, *pro hac vice,* OSB #73104
5         Of Attorneys for Plaintiff

6
     MARTIN, BISCHOFF, TEMPLETON,
7       LANGSLET & HOFFMAN, LLP

8
9    By:_____
          John W. Knottnerus, WSB #22643
10        Jonathan M. Hoffman, *pro hac vice*, OSB #75418
          Of Attorneys for Yamaha Motor Corporation, U.S.A.
11        and Yamaha Motor Company, Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 7

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone (503) 224-3113

1

"EXHIBIT A"

2

LIMITED SPECIAL APPEARANCE AND AGREEMENT
FOR ACCESS TO CONFIDENTIAL DOCUMENTS

3

4
  I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the court in the above-captioned action on _____.

5
I understand the terms of the Protective Order and under oath consent to be bound by the terms of the Protective Order as a condition to being provided access to the confidential information

6
and documents furnished by defendants in this matter.  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned court for the special and limited

7
purpose of enforcing the terms of the court's Protective Order.  Notices and service may be sent to me at the address listed below.

8

9
  I recognize that any breach of this agreement may be punishable as a contempt of court.  I further understand that all civil remedies for breach of this agreement are specifically reserved by defendants and are not waived by the disclosure provided for herein.  Further, in the event of a

10
breach of this agreement, I recognize that defendants may pursue all remedies available to them.

11
  Dated this _____ day of _____, 200___.

12

13

14
                                        _____
                                        Name:_____

15                                      Address:_____
                                        _____

16                                      _____
                                        Telephone:_____

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER FOR DISCLOSURE
OF CONFIDENTIAL INFORMATION (C05-5511)
Page - 8

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113