**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

BRANDON STURDEVANT,

               Plaintiff,

   v.

YAMAHA MOTOR COMPANY, LTD, et al.,

               Defendants.

**Case No.** C05-5511 JKA

ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TRANSCRIPTS

    THIS MATTER comes before the court on Plaintiff's Motion to Compel Defendants to Produce Transcripts of Depositions of Hirosuke Negishi. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

    This is a products liability case. Plaintiff seeks damages for injuries sustained in a YZ Yamaha motorcycle accident when the throttle allegedly stuck open. Plaintiff's product liability claims lie in theories of strict liability; negligence; misrepresentation; and breach of warranty. Issues include negligent design; failure to inspect, test, warn, instruct monitor and recall; marketing products which were defective or not reasonably safe as designed; failure to warn; and misrepresentation.

    Hirosuke Negishi is an engineer employed by defendant in Japan. At the request of plaintiff, Mr. Negishi was deposed in this matter on June 15, 2006 in California. Mr. Negishi was asked to produce transcripts of all deposition testimony he had given in other cases alleging injury resulting from alleged defects in the throttle mechanism of a YZ Motorcycle. In response Mr. Negishi produced a transcript of his deposition from the case of *Fearn v. Yamaha*, Superior Court of New Jersey. In the *Fearn* deposition, Mr. Negishi testified that he had also been deposed in the case of *Rasmussen v. Yamaha*, 4 Judicial District, Hennepin

County, Minnesota, case number P1 02-007181.  Negishi also recalls being deposed in one other matter in 2005, but neither Negishi nor counsel for the defendant Yamaha was able to recall the name of the case.

Plaintiff seeks copies of the transcripts from the case of *Rasmussen v. Yamaha*, as well as the unnamed case in which Negishi was deposed in 2005.

Defendants object to production of the transcripts for the following reasons:

**1. Defendants produced all the transcripts they had**.  This argument suggest that defendants could choose not to "have" the transcripts, and therefore not be obliged to provide them.  Alone, this argument is without merit.

**2. The Rasmussen transcript is subject to a Minnesota State Court Protective Order**.  This appears to be undisputed, however the order itself provides in paragraph 8. that "upon termination of this lawsuit . . the parties shall return to Yamaha U.S.A. . . . all documents. . . ."  The strong implication of the order is that the Minnesota court would have no further interest in the protective order after the case was concluded.  This court notes that the Rasmussen case was filed in 2002, and would therefore assume it has been concluded, however neither party has so advised the court.  If the case has not been concluded, this court will not enter an order granting relief from the Minnesota court order without notice to all parties in the Minnesota case, and without notice to the Minnesota court.

**3.  The Requested Material is Beyond the Proper Scope of Discovery**.  This is clearly not the case.  The request is limited to testimony of Negishi in those cases arising out of alleged throttle malfunction.  He is an expert employed by the defendant whom the plaintiff has every right to examine for purposes of ascertaining consistency/impeachment.  Cases cited by defendant in support of the proposition that the material is beyond the scope of discovery are clearly distinguishable.

*With regard to transcripts of Negishi deposition testimony concerning the throttle issue, they are clearly discoverable and should be produced*.

Accordingly, the court orders as follows:

1. Defendants give notice to the parties and the Hennepin County court, that this court finds the

transcripts in the *Rasmussen* matter appropriate for discovery in this case.  This court is, however, respectful of the protective order of the Hennepin County court and believes the best course is as follows:

    a) if the case has been terminated, this court's interpretation of the protective order is that it no longer precludes disclosure and that the defendant should secure a copy of the transcript and turn it over to plaintiff;

    b) if the case has not been terminated and if the plaintiff *Rasmussen* will stipulate to release of the transcript, the defendant Yamaha should do likewise;

    c) if the case has not been terminated and if the plaintiff Rasmussen will not stipulate to release of the transcript, plaintiff herein should give notice of their request for discovery in this case and a copy of this court order to the parties and the court in the *Rasmussen* case, and seek relief from that court.

2.  Defendant should turn over to plaintiff transcripts of all Negishi deposition testimony in other litigation where the throttle mechanism of the YZ Yamaha is an issue.

July 19, 2006.

    */s/ J. Kelley Arnold*
    J. Kelley Arnold
    United States Magistrate Judge